**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

John R. Griffin, Jr.

v. Civil No. 26-cv-267-SE-AJ

Casey Callahan

## REPORT AND RECOMMENDATION

Plaintiff John R. Griffin, Jr. filed this action, pursuant to 42 U.S.C. § 1983, against Casey Callahan, who assisted in the prosecution of Mr. Griffin in a criminal case in state court, alleging that she violated his Fourteenth Amendment due process rights by lying to the state court judge about the existence of a cell phone and engaging in other acts of misconduct. See Compl. (Doc. No. 1); Compl. Addenda (Doc. Nos. 2, 8). Also before the court for consideration are Mr. Griffin's motions to amend his Complaint (Doc. Nos. 4, 5) and a "Motion for Emergency Medical Injunction for Prison Medical Dept." (Doc. No. 7). The Complaint has been referred to the undersigned magistrate judge for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Before conducting that review, however, the court must address the threshold question of Mr. Griffin's ability to proceed in this case without prepaying the filing fee.

### In Forma Pauperis Status

This court previously granted Mr. Griffin's motion to proceed without prepayment of fees and costs (Doc. No. 3) in this matter. See May 20, 2026 Order (Doc. No. 6).

However, this date, the court issued an Order vacating that decision, and now recommends that the district judge deny Mr. Griffin's motion, for the reasons that follow.

The granting of in forma pauperis status to a prisoner is governed by 28 U.S.C. § 1915. As relevant here, § 1915 states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. § 1915(g).

This limit on a prisoner's ability to proceed in forma pauperis is commonly called the "three strikes" provision of § 1915. Previously, Mr. Griffin filed the following three cases in this court while he was incarcerated, each of which was dismissed for failure to state a claim upon which relief might be granted:

- Griffin v. Kench, No. 16-cv-046-SM (D.N.H.) (ECF No. 11) (July 13, 2016 Order approving May 26, 2016 Report and Recommendation (ECF No. 9))

- Griffin v. N.H. Dep't of Corr., No. 17-cv-160-SM (D.N.H.) (ECF No. 10) (Oct. 5, 2017 Order approving September 25, 2017 Report and Recommendation (ECF No. 8))

- Griffin v. Nadeau, No. 17-cv-209-LM (D.N.H.) (ECF No. 10) (Oct. 3, 2017 Order approving Sept. 21, 2017 Report and Recommendation (ECF No. 8))

Because Mr. Griffin accumulated three strikes before he filed this action, this case is subject to the "three strikes" restriction set forth in § 1915(g).

Mr. Griffin has not asserted any facts in the Complaint documents, including his pending motions to amend the Complaint, suggesting that he is exposed to an "imminent danger of serious physical injury," related to the claims asserted in this matter. This case, therefore, is not excepted from the three-strikes bar. Accordingly, in order to proceed in this matter, Mr. Griffin must pay the filing fee in full.

**Motion for Preliminary Injunctive Relief (Doc. No. 7)**

Mr. Griffin filed a motion for preliminary injunctive relief (Doc. No. 7) alleging that his knee is injured, that he is experiencing excruciating pain when he bears weight on that knee, and that New Hampshire State Prison ("NHSP") personnel have refused his request to be on "cell feed" so that he does not have to walk to the prison cafeteria for meals. He seeks an order from this court directing the NHSP to transport him to Concord Hospital for orthopedic evaluation and repair.

> To obtain preliminary injunctive relief, "the movant must "'establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" If the request for injunctive relief is not related to the claims asserted in the action in which the request is filed, the court does not have the authority to issue the injunctive relief requested. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); id. at 636 ("The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." (quotation omitted)).

Beers v. N.H. State Prison Warden, 752 F. Supp. 3d 431, 436–37 (D.N.H. 2024); see also Kosilek v. Misi, 630 F. Supp. 3d 328, 334 (D. Mass. Sept. 26, 2022) ("A party who moves for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Here, Mr. Griffin's complaints about the NHSP's response to his knee pain do not relate to any of the claims asserted in any of the Complaint documents he filed in this case. Accordingly, Mr. Griffin may not obtain injunctive relief on those grounds and the district judge should deny Mr. Griffin's motion for preliminary injunctive relief (Doc. No. 7), without prejudice to Mr. Griffin's ability to file a separate action asserting claims related to his knee.[1]

## Conclusion

For the foregoing reasons, the court now recommends that the district judge:

1. Deny Mr. Griffin's motion (Doc. No. 3) to proceed in forma pauperis in this matter under § 1915(g).

2. Deny Mr. Griffin's motion for preliminary injunctive relief (Doc. No. 7).

3. If the district judge approves this Report and Recommendation, direct that Mr. Griffin shall have 30 days from the date of such approval to pay the $402 filing fee in this case ($350 filing fee + $52 administrative fee), and warn Mr.

---

[1] To the extent Mr. Griffin seeks to rely on his knee injury to qualify for the "imminent threat of serious harm" exception in § 1915(g), he cannot do so, because that exception "requires a nexus between the alleged imminent danger and a prisoner's complaint." Ray v. Lara, 31 F.4th 692, 700 (9th Cir. 2022); see also Lettieri v Fed. Med. Ctr. Devens, No. 4:25-CV-40134-JDH, 2025 U.S. Dist. LEXIS 213277, at *3, 2025 WL 3022527, at *1 (D. Mass. Oct. 29, 2025). As discussed above, no such nexus appears in this case.

Griffin that if he fails to pay the full filing fee as directed, the court may dismiss this case without prejudice. See 28 U.S.C. § 1914(a).

4. Mr. Griff's motions to amend his Complaint (Doc. Nos. 4, 5) are taken under advisement pending payment of the filing fee in this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

September 29, 2026

cc: John R. Griffin, Jr., pro se